0 ’Neill, J.
The question to be decided by this court is whether the school-bus drivers are employees of the relator and, therefore, members of the School Employees Retirement System and subject to the withholding of contributions to the retirement system, or whether the arrangements for their employment are such that the withholding of such contributory payments is not required by law.
The relator entered into a contract with one R. G. Mortimer to provide transportation of North Canton school pupils to and from the North Canton schools in consideration of an annual lump sum, payable in installments.
Respondent School Employees Retirement Board takes the position that the drivers are employees of the relator and relies upon a resolution passed by the board and made effective July 1, 1949, which provides in part as follows:
“The following persons regularly driving vehicles used in the transportation of pupils for a board of education shall be considered as employees under the provisions of Section 7896-64 of the General Code of Ohio [Section 3309.01, Revised Code]:
C ( # # #
“c. The driver of a school bus owned or controlled by one who has a contract with the board of education to furnish the bus and driver.” (Emphasis added.)
A certified copy of this resolution was not filed with the Secretary of State of Ohio under the provisions of Section 111.15, Revised Code.
Relator contends that this resolution is invalid because it was not filed with the Secretary of State pursuant to the provisions of Section 111.15, Revised Code.
Respondent board contends that the General Assembly did not intend to include the retirement systems under Section 111.15, Revised Code, and that, if it did, this statute is only a recording act so far as they are concerned.
Respondent board argues further that the protection therein provided would extend only to people without actual notice, and that since relator had notice of this rule it can not take *57 advantage of the fact that the rule was not filed with the Secretary of State.
Respondent board cites federal cases involving federal administrative agencies which follow this line of reasoning. .
Persuasive as these arguments are, this court does not agree. The court is of the opinion that Section 111.15, Revised Code, was enacted by the General Assembly to protect parties from bureaucratic red tape created by regulations and rules of administrative agencies. To hold that those who know about such rules or regulations are bound and those who do not know are not bound would make for a most unjust administration of law.
The general rule is that ignorance of the law is no excuse. The General Assembly of Ohio has modified this with regard to rules of administrative agencies and clearly stated that until properly filed with the Secretary of State such rules are invalid.
The retirement board is bound by this requirement of law, and the resolution here under consideration is invalid by reason of not having been filed with the Secretary of State pursuant to law.
The question then arises as to whether these school-bus drivers are employees of the relator under the law (Section 3309.01 [B], Revised Code), in the absence of a valid determination to that effect by the retirement board.
The record shows that Mortimer was the owner of the buses and had a contract with relator for the furnishing of transportation of pupils to and from school; that Mortimer operated one of the buses and hired drivers for the others; that all money due under the contract was paid by relator to Mortimer , on a monthly basis; and that no withhholdings were made by relator for federal income tax and social security. Mortimer made such withholdings from the pay,of the bus drivers he hired.
It is argued by relator that Mortimer hired, fired and fixed the wages and terms of employment of the drivers. Relator takes the further position that the sole direction given by relator to Mortimer was as to what time pupils were to be at school and when they were to leave.
While recognizing the weight and strength of these arguments, the court is of the opinion that Sections 3327.01, 3327.03, *58 3327.10 and 4511.76, Revised Code, grant the ultimate control over these school-bus drivers to the board of education and place the obligation upon the board to exercise sufficient ultimate control over these school-bus drivers to make them, at least for purposes of membership in the retirement system and contributory payments thereto, employees of the board of education.
The above sections make the board responsible for the time schedule of the drivers and the loading depots, require certificates for the drivers from the board of education, grant the power to revoke such certificates for improper conduct and authorize the adoption of regulations by the Department of Education, which regulations set up requirements for maximum hours of drivers and for designating all stops, instructions for loading and unloading, load distribution, supervision of pupil conduct, assignment of seats, overloading, transportation of equipment and safety patrols, and detailed traffic regulations. Such regulations are, by Section 4511.76, Revised Code, required to be made a part of any contract for the transportation of school children by privately owned and operated school buses.
The board is given the right to cancel the employment of the driver in the event of violation of any of these laws or regulations.
It is the duty of the board of education to control the conduct and employment of the bus drivers, whether their contract is directly with the board or with the owner of the buses.
This court is of the opinion that for the purposes of membership in the retirement system and contributory payments to the system, the school-bus drivers of the North Canton Exempted Village School District are employees of the board of education of that district.
The writ of mandamus sought in this action is, therefore, denied.

Writ denied.

Weygandt, C. J., Zimmerman, Taft, Matthias, Radcliff and Griffith, JJ., concur.
Radcliff, J., of the Fourth Appellate District, sitting by Resignation in the place and stead of Herbert, J.